Requestor: Arthur B. Williams, Esq., Village Attorney Village of Newark P.O. Box 226 Newark, N Y 14513
Written by: Siobhan Crary, Assistant Attorney General
You have asked whether the Village of Newark may require the Town of Arcadia to enforce the town dog control ordinance within the village. The village is located entirely within the town. You state that the village has repealed its dog control ordinance and is now without any local legislation governing dog control.
Agriculture and Markets Law, Article 7 (§§ 106-126) governs the licensing, identification and control of dogs. Sections 106-123 provide specific requirements to be enforced by local dog control officers; section 124 authorizes additional local laws or ordinances:
 "Any municipality may enact a local law or ordinance upon the keeping or running at large of dogs and the seizure thereof, provided no municipality shall vary, modify, enlarge or restrict the provisions of this article relating to identification, licensing, rabies vaccinations and euthanization".
Section 124 also lists the penalties that may be imposed by such local laws or ordinances.
In a prior opinion, we concluded that a town may, pursuant to an agreement with a village located entirely within the town, enforce its local laws governing dog control in the village. Op Atty Gen (Inf) No. 90-23. We also noted that if a village has enacted dog control regulations the town officer could enforce them but would not be required to do so. Id. Village, rather than town, dog control regulations would apply in the village.
We do not believe, however, that the town ordinance would apply in the absence of an agreement between the town and village or that a village may require the town within which it lies to enforce the town's dog control regulations in the village. The statute authorizes the village to appoint its own dog control officer and enact its own regulations. Agriculture and Markets Law §§ 124, 114(1). The statute also provides that a village may contract for dog control officer services with any other municipality, or with any incorporated humane society or similar incorporated dog protective association. Id., § 114(2). A village also may, jointly with other municipalities, appoint dog control officers having jurisdiction in each of the appointing municipalities. Ibid. It would be inconsistent with this enforcement scheme to conclude that a village could compel a town to enforce its dog control ordinance in the village.
We conclude that a village may not require a town to enforce its dog control regulations in the village.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.